J-A13006-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BRADLEY A. SIMON AND AMY J. SIMON, HUSBAND AND WIFE | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : : : | |
| v. | : : : | |
| | : | No. 771 WDA 2017 |
| SUNOCO PIPELINE, L.P.; SUNOCO LOGISTICS PARTNERS, L.P.; PERCHERON FIELD SERVICES, LLC; EVAN DESVERNINE, LORI ANDREWS; TOM KENNEY; MICHAEL JONES | : : : : : | |

Appeal from the Order May 4, 2017
In the Court of Common Pleas of Washington County Civil Division at
No(s):  2015-3302

BEFORE:  OLSON, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.:                    **FILED JANUARY 07, 2019**

Appellants, Bradley A. Simon and Amy J. Simon (husband and wife), appeal from an order entered on May 4, 2017 in the Civil Division of the Court of Common Pleas of Washington County that denied their petition for a preliminary injunction.  We affirm.

The relevant facts and procedural history are as follows.  On September 13, 2013, Appellants executed a right-of-way (ROW) agreement with Sunoco Pipeline, L.P. (Sunoco).  The parties' ROW agreement granted Sunoco a permanent, non-exclusive 50-foot ROW across Appellants' property to construct the Mariner East 1 Pipeline for use in the transportation of natural gas liquids and other petroleum products.  The ROW agreement also conveyed

to Sunoco a 25-foot wide temporary workspace, together with and an additional 30-foot wide temporary workspace, next to the permanent ROW across Appellants' property. Pursuant to the parties' agreement, Sunoco's right to use the temporary construction workspaces started on the date construction commenced on the Mariner East 1 Pipeline, which occurred in 2014. The ROW further provided, however, that if Sunoco's use of the temporary workspaces ended before the passage of 12 months, then the temporary workspaces would immediately terminate. The ROW agreement also granted Sunoco the right to construct additional pipelines through Appellants' property in the future. These additional pipelines were to be located parallel to the initial Mariner East 1 Pipeline and within the 50-foot permanent easement. Sunoco completed construction of the Mariner East 1 Pipeline in 2014 and its use of the temporary workspaces ended in 2015.

On April 12, 2016, Sunoco notified Appellants of its intent to install a second pipeline, known as the Mariner East 2 Pipeline, through their property. In response, Appellants, on April 28, 2017, filed a petition for preliminary injunctive relief, seeking to prevent Sunoco from using the temporary workspace easements to construct the Mariner East 2 Pipeline.[1] Appellants

---

[1] On June 8, 2015, prior to filing their petition for preliminary injunctive relief, Appellants filed a first amended complaint against Sunoco alleging fraud, negligence, and negligent misrepresentation because Sunoco allegedly claimed it had eminent domain powers at the time the parties executed the ROW agreement. The amended complaint requested rescission of the ROW agreement and damages. Appellants' petition for preliminary injunctive relief was filed at the same docket number as their amended complaint for damages.

asserted that the ROW agreement granted Sunoco the right to install additional pipelines within the 50-foot permanent easement but not the right to use the temporary workspace easements to facilitate construction of those additional pipelines. As such, Appellants asked the trial court to enjoin Sunoco's construction work in connection with the Mariner East 2 Pipeline along the temporary easements on their property.

The trial court heard oral argument on May 3, 2017 and denied Appellants' petition on May 4, 2017. The court concluded, *inter alia*, that Appellants failed to demonstrate irreparable harm.

Appellants filed a timely notice of appeal on May 25, 2017. Pursuant to court order, Appellants filed a concise statement of errors complained of on appeal on August 16, 2017. *See* Pa.R.A.P. 1925(b). The trial court issued its Rule 1925(a) opinion on September 29, 2017.

Appellants raise the following claims for our review:

Whether the [trial court] erred as a matter of law when it denied [Appellants'] petition for preliminary injunction, which requested that [Sunoco's] easement for the Mariner East 2 Pipeline across [Appellants'] land be limited to the fifty (50') permanent right-of-way granted by [Appellants] to Sunoco for the Mariner East 2 Pipeline?

Whether [Appellants] met the criteria for granting a preliminary injunction?

Whether the [trial court] erred in allowing Sunoco to occupy a larger easement for [the Mariner East 2 Pipeline] without an evidentiary hearing allowing Sunoco to evade the requirements of the Eminent Domain Act?

Appellants' Brief at 4 (certain capitalization omitted).

Appellants' claims assert that the trial court erred in denying their petition for a preliminary injunction. We apply a well settled standard of review to such claims:

> [Our] review of a trial court's order granting or denying preliminary injunctive relief is highly deferential. ***Summit Towne Centre, Inc. v. Shoe Show of Rocky Mount Inc.***, 828 A.2d 995, 1000 (Pa. 2003). This highly deferential standard of review states that in reviewing the grant or denial of a preliminary injunction, an appellate court is directed to examine the record to determine if there were any apparently reasonable grounds for the action of the court below. ***Id***. [Based upon the analysis in ***Summit Town Centre***, which implies that an appellate court must conduct a searching inquiry of the record, a plenary scope of review is applied. An appellate court should] find that a trial court had apparently reasonable grounds for its denial of injunctive relief where the trial court has properly found that any one of the following essential prerequisites for a preliminary injunction is not satisfied. ***Id***. at 1002.
>
> There are six essential prerequisites that a party must establish prior to obtaining preliminary injunctive relief. The party must show: 1) that the injunction is necessary to prevent immediate and irreparable harm that cannot be adequately compensated by damages; 2) that greater injury would result from refusing an injunction than from granting it, and, concomitantly, that issuance of an injunction will not substantially harm other interested parties in the proceedings; 3) that a preliminary injunction will properly restore the parties to their status as it existed immediately prior to the alleged wrongful conduct; 4) that the activity it seeks to restrain is actionable, that its right to relief is clear, and that the wrong is manifest, or, in other words, must show that it is likely to prevail on the merits; 5) that the injunction it seeks is reasonably suited to abate the offending activity; and, 6) that a preliminary injunction will not adversely affect the public interest. ***Id***. at 1002. The burden is on the party who requested preliminary injunctive relief[.]

***Warehime v. Warehime***, 860 A.2d 41, 46-47 (Pa. 2004) (footnote omitted; internal quotation marks omitted).

- 4 -

In applying the above principles in this case, we are convinced that the trial court had reasonable grounds to deny relief. In its Rule 1925(a) opinion, the trial court found that Appellants did not meet their burden of demonstrating irreparable harm. Trial Court Opinion, 9/29/17, at 2. In particular, the trial court reasoned that the temporary workspaces at issue in this case would be returned to Appellants in a restored condition. ***See id.***

Significantly, Appellants do not dispute this finding before this Court. Instead, Appellants argue that recurrent future use of the temporary workspaces by Sunoco qualifies as irreparable harm. ***See*** Appellants' Brief at 16-23. Appellants' buttress this claim by declaring that Sunoco's use of the temporary workspaces has extended beyond the timelines and/or parameters contemplated by the parties' ROW agreement. ***See id.*** at 23.

Notwithstanding these contentions, we fail to see how Appellants have proven irreparable harm. "An injury is regarded as 'irreparable' if it will cause damage which can be estimated only by conjecture and not by an accurate pecuniary standard." ***Anchel v. Shea***, 762 A.2d 346, 351 (Pa. Super. 2000), *appeal denied*, 782 A.2d 541 (Pa. 2001). Here, Appellants conveyed to Sunoco the right to use the temporary workspaces for construction of the Mariner East 1 Pipeline. Even if Appellants are correct that Sunoco has used the temporary workspaces outside the original contemplation of the parties as expressed in the ROW agreement, they have offered nothing to show that

Sunoco's use of the land is incapable of reclamation or not amenable to compensation pursuant to an accurate pecuniary standard.

In view of the record before us, we cannot conclude that the trial court lacked any reasonable grounds for its order denying relief.[2]  Consequently, pursuant to our highly deferential standard of review, the order denying Appellants' preliminary injunction must be upheld.

Order affirmed.

Judgment Entered.

*[signature]*

Joseph D. Seletyn, Esq.
Prothonotary

Date:  1/7/2019

---

[2] Some of the arguments raised by Appellants, *e.g.* the issues raised in parts III and IV of Appellants' brief, invite us to address the ultimate merits of some of the claims present in this case.  We decline this invitation.  The scope of this appeal extended to whether or not the trial court had any apparently reasonable grounds to deny Appellants' request for a preliminary injunction. As such, it would be improper for this Court to address any issues beyond whether Appellants proved the essential prerequisites for preliminary injunctive relief.  We have confined our discussion accordingly.